Case 2:10-cv-00134-ABJ   Document 268   Filed 07/18/11   Page 1 of 6

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUL 18 2011

Stephan Harris, Clerk
Cheyenne

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| FEDERICO SALINAS, individually, by his Guardian ad litem, Daniel Fisher, and AMALIA SALINAS, individually, <br><br>Plaintiff, <br><br>v. <br><br>EARTH WORK SOLUTIONS (WY), a Wyoming corporation, <br><br>Defendants. | ) ) ) ) ) ) ) ) No. 10-CV-134-J ) ) ) ) ) ) |

## ORDER ON MOTIONS IN LIMINE

Numerous motions in limine have come before the Court for consideration. The Court, having considered the parties' respective motions and arguments, the applicable law, and being fully advised, ruled orally upon the pending motions in limine at the Final Pretrial Conference held July 15, 2011. In accordance with the Court's oral findings at the hearing as enumerated more fully on the record of all proceedings in this matter, FINDS and ORDERS as follows:

1. Defendant EWS's Motion in Limine to Bar Any Reference to Guardian

Ad Litem at Trial (Docket Entry 173) is GRANTED.

2. Defendants' Motion to Preclude Plaintiffs' Expert Gilbert Martinez, Ph.D. From Testifying Regarding Traumatic Brain Injury (Docket Entry 195)(brought by both Lampson and EWS) is DENIED. The concerns and issues raised in the motion related to this witness can be addressed during cross-examination at trial.

3. Plaintiffs' Motion in Limine Regarding Collateral Sources (Docket Entry 196) is GRANTED.

4. Plaintiffs' Motion in Limine Regarding Proposed Testimony of Defense Expert Cook (Docket Entry 197) shall be DENIED. However, as discussed during the Final Pretrial Conference this witness need not, during his testimony, indicate or say that Dr. Wieder is highly reliable or testify as to the character of other doctors, including Dr. Wieder.

5. Plaintiffs' Motion in Limine Regarding "Impairment Rating" (Docket Entry 198) is DENIED. Dr. Kaplan will be allowed to testify and may be cross-examined. The issues raised here go to the weight of the evidence, rather than its admissibility.

6. Plaintiffs' Motion in Limine Regarding Lampson's Settlement with TIC (Docket Entry 199) is GRANTED.

7. Plaintiffs' Motion in Limine and Memorandum to Exclude Certain Testimony of Defendant Lampson's Expert Nick Castorina (Docket Entry 200) is GRANTED.

8. Defendant EWS's Motion in Limine Regarding Nick Castorina (Docket Entry 215) is GRANTED.

9. The parties will confer regarding designation of and objections to the testimony of Bradley Closson.  Therefore, the Court reserves ruling on "Plaintiffs' Motion in Limine and Memorandum to Exclude Certain Testimony of Lampson Experts Including But Not Limited to Bradley D. Closson on Violations of Regulations and Interpretation of Contracts" (Docket Entry 201).

10. The parties have agreed to confer as to expert testimony designated by Lampson.  Therefore, the Court reserves ruling on "Plaintiffs' Motion in Limine to Preclude Cumulative Expert Testimony Lampson Designated" (Docket Entry 202).

11. As to "Defendant Lampson's Motion in Limine for Each Party to Exercise Three (3) Peremptory Challenges of Jurors" (Docket Entry 203), the Court finds the motion should be GRANTED and that the remaining parties to this litigation, including plaintiffs and EWS, shall each have three peremptory challenges at trial.

12. The motion in limine with respect to the testimony of Jesse Arnold is moot with respect to the contract issues. The parties will confer regarding designation of and objections to the testimony of Jesse Arnold addressing other issues he has testified to. Therefore, the Court reserves ruling on Plaintiffs' Motion in Limine and Memorandum to Exclude Certain Testimony of Defendants' Expert Jesse Arnold (Docket Entry 204).

13. As to Defendant Lampson's Motion in Limine to Exclude Evidence of MSHA Citation and Report (Docket Entry 205), counsel at the hearing recognized that the entire MSHA Citation and Report were not likely to be admissible during trial. They have agreed to confer and designate parts to be used at trial. The Court reserves ruling on this motion.

14. Defendant Lampson's Motion in Limine to Limit Testimony of Matthew Gardiner, P.E. (Docket Entry 207) is DENIED AS MOOT.

15. Defendant Lampson's "Motion in Limine to Preclude Argument or Inferences That Are Based on Possibility Versus Probability and Are Unreliable and Therefore Inadmissible" (Docket Entry 208) is DENIED AS MOOT. The Court notes that all parties agree that all experts must testify to a reasonable degree of probability.

16. Defendant Lampson's Motion in Limine to Exclude Evidence of Other

Claims Litigation or Other Projects (Docket Entry 209) is DENIED AS MOOT.

17.     Defendant Lampson's Motion in Limine to Preclude Use of Inflammatory Terms (Docket Entry 210) is DENIED.

18. Defendant EWS's Motion in Limine Regarding Madhavan Pisharodi, M.D. (Docket Entry 211)(joined by Lampson) is DENIED.  However, the testimony of Dr. Pisharodi shall be limited to what is reflected in his medical records.

19.  Defendant EWS's Motion in Limine Regarding Jean Coates, M.D. (Docket Entry 212) (joined by Lampson) is DENIED.  This witness may testify at trial; she will be subject to cross-examination.  The issues raised in the motion go to the weight to be given her testimony rather than admissibility.

20.     Defendant EWS's Motion in Limine Regarding Catherine Ingebrightsen, RN (Docket Entry 213)(joined by Lampson) is DENIED.  This witness may testify at trial; she will be subject to cross-examination.  The issues raised in the motion go to the weight to be given her testimony rather than admissibility.

21. Defendants' Motion in Limine Regarding Wayne Henle (Docket Entry 214) is GRANTED.  Should the need arise to revisit this ruling at trial, the parties are instructed to approach the bench and discuss the issue further out

of the presence of the jury.

Dated this __16th__ day of July 2011.

_____
ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE